
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| OSCAR RICARDO MOLINA-REYNA, | No. 06-75576 |
| Petitioner, | Agency No. A070-637-450 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2011
Submission vacated March 1, 2011
Re-submitted September 19, 2011[**]
Pasadena, California

Before: ALARCÓN, RYMER[***], and BYBEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] Judge Rymer concurred in this Memorandum prior to her death.

Oscar Ricardo Molina-Reyna (Molina), a native and citizen of Guatemala, petitions for review of the BIA's denial of cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

The BIA properly concluded that Molina did not qualify for cancellation of removal under 8 U.S.C. § 1229b(a) because he had not "resided in the United States for [seven] years after being admitted in any status." There is no dispute that Molina does not meet the statutory definition of "admitted," because he entered without inspection or authorization. *See Guevara v. Holder*, __ F.3d __, 2011 WL 2163964, at *3 (9th Cir. June 3, 2011). Molina's filing of an application for asylum did not render him "admitted in any status" under § 1229b(a). His application merely established the future possibility of admission and status. *See Vasquez de Alcantar v. Holder*,645 F.3d 1097, 1102 (9th Cir. 2011). That he was able to reside here pending the adjudication of his application does not mean he was admitted. Section 1229b(a) requires both residence and admission, and his residence was merely "tolerated . . . [but] has not been legitimated by any affirmative act." *See Sudomir v. McMahon*, 767 F.2d 1456, 1462 (9th Cir. 1985).

Molina also is not in the same situation as a Family Unity Program (FUP) participant. *See Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1015 (9th Cir. 2006). Our decision in *Garcia-Quintero* "focused on the aliens' *acceptance* into

2

the FUP" because it indicated the participant had met stringent eligibility requirements and was entitled to certain benefits. *Guevara*, 2011 WL 2163964, at *6. Because Molina's application was never adjudicated, there was never a determination by the Attorney General that he met any eligibility requirement or should receive any benefit. The mere grant of employment authorization is insufficient. *See id.* This is especially true here, because his authorization was not "incident to status," as is the case for FUP participants. *See id.*; *see also* 8 U.S.C. § 1158(d)(2); 8 C.F.R. § 274a.12(c)(8).

Lastly, a FUP participant who reenters is "admitted in the same immigration status" he had prior to departure, *see Garcia-Quintero*, 455 F.3d at 1018 (emphasis omitted), which suggests he had some status before reentry. An asylum applicant reenters under the advanced parole scheme. *See* 8 C.F.R. §§ 208.8, 212.5. The granting of advanced parole "shall not be regarded as an admission of the alien." 8 U.S.C. § 1182(d)(5)(A).

Because Molina could not show residence for seven years after being admitted in any status, the BIA properly denied cancellation of removal.

**DENIED.**